## Hays v. Commonwealth.

(Decided October 7, 1910.)

Appeal from the Madison Circuit Court.

1. New Trials—Newly Discovered Evidence—Cumulative Evidence— Impeaching Witness.—A new trial will not be granted on account of newly discovered evidence which is merely cumulative, or which only tends to discredit or impeach an opposing witness.
2. Same.—It is a fundamental rule that a new trial will not be granted for newly discovered parol evidence if it be doubtful whether it would have any preponderating influence upon another trial.

A. F. BYRD, A. R. BURNAM & SON, and J. TEVIS COBB for appellant.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Ernest Hays, on June 9, 1909, shot and killed J. S. Lane, his brother-in-law. He was indicted for the offense, and having been found guilty cf voluntary manslaughter, and his punishment having been fixed at twenty-one years in the penitentiary, he appeals.

On the day of the homicide, Hays, Lane and a number of others went to Berea to attend the commencement exercises at the college there. They lived some miles away in Jackson county and were on horseback. In the afternoon they started home, and after going some four or five miles, stopped at a store where they ate a lunch and all drank freely of a bottle of whiskey which one of them had. After they left the store and started on home, it was proposed to stop and drink out of another bottle of whiskey. One of the party demurred, and Hays drew his pistol and said he would shoot any one's head off who did not drink. They then all drank and went on up the road. They had not gone far before Hays said that he had lost his pistol, and they went back and found it where he had dropped it in the road. Starting on home

again, all of them by this time being more or less under the influence of whiskey, a dispute arose between two of the party as to something that one had said to the other. One of these persons was riding behind Lane, and when assailed by the other person who was disputing with him, he got on the ground. The other person and Hays thereupon got down off their horses, and then Lane got down off his horse. According to the proof for the commonwealth, as Lane got on the ground, and before he straightened up, one of the party called to Hays, ''Shoot him, shoot him''; and thereupon Hays, who had his pistol in his hand, fired upon Lane and killed him. According to the evidence for the defendant, Lane after he got off his horse, advanced on Hays telling him to give him the pistol, and when he refused, attacked him with a knife, and Hays, after warning Lane to stop, shot him with the pistol. The evidence for both the commonwealth and the defense, when read carefully, leave little doubt that all the parties were drunk or much under the influence of whiskey, and that the shooting occurred in a drunken brawl. The weight of the evidence shows that Lane had no knife, and was entirely unarmed. The testimony as to his attacking Hays is unsatisfactory, and on the whole case we see no reason for disturbing the verdict of the jury on the merits.

When the case was called for trial, one of the defendant's witnesses was absent. He had been subpoenaed, and the court thereupon ordered a forthwith warrant of arrest issued for him, and sent an officer after him. The jury were sworn, the trial proceeded, but when the witness was called by the defendant he was not present. The defendant thereupon filed his affidavit and moved the court to set aside the swearing of the jury and continue the case because of the absence of the witness by whom it was alleged he could prove that Jake Brockman, one of the witnesses for the commonwealth, had stated to him that Lane was advancing on the defendant with a knife when the defendant shot him. Jake Brockman testified on the trial that Lane was not advancing on the defendant with a knife when he was shot, and so the evidence of the witness would have been competent to impeach Brockman, but not as substantive testimony. The defendant stated in his affidavit that he went into the trial of the case ''with the understanding that the said witness would be produced and he would have the benefit of his testimony.'' But he did not show with whom he had

this understanding. It may be from all that appears the he simply concluded the officer would find the witness and have him present. At any rate, it does not appear that he was misled by the court, and no sufficient reason was shown for discharging the jury and continuing the case, when the trial was nearly completed.

Among his grounds for a new trial, the defendant set up newly discovered evidence. The newly discovered evidence consisted of testimony to the effect that John S. Lane, Walter Asbury and Jake Brockman had made statements out of court inconsistent with their testimony on the trial, and that the deceased Lane had, previous to the homicide, made threats against Hays.

The rule as to granting a new trial for newly discovered evidence is the same in criminal as in civil cases. A new trial will not be granted on account of newly discovered evidence which is merely cumulative, or which only tends to discredit or impeach an opposing witness. Riperdan v. Scott, 1 A. K. M., 151, Chambers v. Chambers, 2 A. K. M. 348, Rider v. Sullivan, 15 R. 749, L. & N. R. R. Co. v. Tinkham, 19 R. 1784. All the newly discovered evidence went simply to impeach Lane, Asbury, and Brockman, except the proof as to the threats made by Lane. All the proof on the trial showed that Lane and Hays were entirely friendly from the time they left Berea until the difficulty occurred. They had been eating and drinking together, and not an unkind word had been said. They were on their way to Lane's house at his invitation, and if the proof of the threats had been introduced on the trial, it could have had under the circumstances, no decisive effect on the result. It is a fundamental rule that a new trial will not be granted for newly discovered parol evidence, if it be doubtful whether it would have any preponderating influence upon another trial. Allen v. Perry, 6 Bush, 85, Mercer v. Mercer, 87 Ky. 21. We do not therefore see that the court erred in refusing a new trial on account of the newly discovered evidence.

There was no error of the court in the admission of testimony. The instructions to the jury admirably gave the law of the case; and on the whole record we find no error to the prejudice of the defendant's substantial rights.

Judgment affirmed.