## Futrell v. Commonwealth.

(Decided December 15, 1910.)

### Appeal from McCracken Circuit Court.

1. New Trial—Newly Discovered Cumulative Evidence.—A new trial will not be granted on account of newly discovered evidence which is merely cumulative.

2. Homicide—Trial—Verdict—Sentence—Motion For New Trial—Appeal—Instructions Considered.—On the trial of one for killing another in a fight the jury found defendant guilty of voluntary manslaughter and fixed his punishment at confinement in the penitentiary for two years. The court instructed the jury that if they found defendant guilty they should fix the punishment at not less than two nor more than twenty-one years. Before the trial and after the killing an act was passed by the Ky. Legislature which provides in substance that the jury shall not fix the punishment but shall simply find the defendant guilty or not guilty, and if found guilty the court shall enter a judgment on the verdict sentencing the defendant to the penitentiary (in a case like this), for not less than two years nor more than 21 years. The defendant appealed on the ground that although the jury fixed his punishment at the lowest time allowed by the statute for manslaughter, if they had been properly instructed, under the new act, they would have found him not guilty. Held, we cannot assume that the jury did not do their duty truly; they found defendant guilty and we cannot assume that they found him guilty unless they believed he was guilty or that they would have disregarded the instructions of the court if they had been

told to stop with the finding. If the court had followed the statute the defendant would have been sentenced to the penitentiary for no less than two nor more than twenty-one years. The Commonwealth does not appeal and defendant cannot complain because he has been given the lowest punishment.

S. H. CROSSLAND and HENDRICK & CORBETT for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

J. S. Futrell is a farmer living not far from Paducah. He came to Paducah in January, 1909, with his son, Louis Futrell, who was 18 or 19 years old, to sell his crop of tobacco, and after getting there they both got drunk. That evening they went to the boarding house of H. B. Osborne, the son having a quart of whisky in his pocket, and the father a smaller quantity. Osborne demurrer to taking them, but they agreed to keep quiet. He let them get supper and after supper, they went up stairs with a friend who was with them to smoke. The proof is conflicting as to what occurred then. According to the proof for the Commonwealth they were noisy, and Osborne went up to the room telling them that he could not have such behavior in his house, and they must get out; when they got to the foot of the stairs, Louis asked for his quart of whisky, which Mrs. Osborne had put away for him; Osborne got this for him and when he returned the father began using abusive language to Osborne, and when Osborne resented it, the father told the son to shoot him, and the son then drew his pistol and shot Osborne killing him almost instantly. According to the proof for the defendant, they were leaving the house quietly, when at the foot of the steps, Osborne struck J. S. Futrell, the father, and knocked him down; he then struck Louis and was catching him by the throat, when Louis after calling upon him to desist, drew his pistol and shot him. The father and son were both indicted for the homicide; and on the trial of the case the father was acquitted, but the son was found guilty of voluntary manslaughter and his punishment fixed at two years confinement in the penitentiary. The court entered judgment on the verdict, and Louis Futrell appeals.

The case was tried at the July term, 1910. It had been continued at three terms on the motion and affida-

vit of the defendant. At one term there had been a trial resulting in a verdict finding Louis guilty of voluntary manslaughter, and fixing his punishment at ten years confinement in the penitentiary. The court granted a new trial apparently on the ground of newly discovered evidence; the second trial was had with the result we have stated. At the last trial of the case the defendant filed his affidavit and moved the court to continue the case on account of the absence of certain witnesses. The court overruled the motion upon the Commonwealth Attorney's agreeing to admit the statements in the affidavit as to the witnesses McClure, Nicols, Hayden and Howell. The court did not err in refusing to continue the case on account of the absence of the other witnesses Jesse Hutchins, John Stokes, J. R. Miller, C. F. Bostick and W. M. Smith, as no diligence was shown to procure the testimony of these witnesses. Hutchins and Stokes were non-residents of the State, and it was not shown that the defendant knew their whereabouts, or that there was reasonable ground to believe he could procure their testimony by another term. The defendant must show that he has used due diligence to obtain his witnesses; and this was not shown as to any of these persons. The case had been continued for the defendant three times. The trial did not occur until eighteen months after the homicide, and we do not see that the court erred in his ruling on the motion for a continuance.

The court gave the jury this instruction:

"Although you may believe from the evidence in this case beyond a reasonable doubt, that the defendant, Louis Futrell, did shoot and kill H. B. Osborne at the time and place stated, in instruction No. 1 herein, and that the defendant J. S. Futrell was present aiding, assisting or encouraging said shooting and killing. yet. if you shall further believe from the evidence in this case, that at the time said Louis Futrell shot and killed the said H. B. Osborne (if you shall believe from the evidence beyond a reasonable doubt he did shoot and kill him), that said Osborne had first assaulted the defendant, Louis Futrell, or his father, J. S. Futrell, or both, and that defendant, Louis Futrell then and there had reasonable grounds to believe, and did believe, that he and his said father was in immediate danger, or apparent danger of losing his life, or of suffering great bodily harm at the hands of said deceased, Osborne, and as it then appeared to him there was no other safe means or

apparent safe means of avoiding said danger except to shoot and kill the said Osborne, then he had a right to so shoot and kill said Osborne, and such shooting and killing would be in self-defense, and if you shall so believe from the evidence in this case, then the law is for each of the defendants and you will find each of them not guilty."

It is insisted that the instruction required the danger to be apparent to the jury and not to the defendant at the time he did the shooting. But the language of the instruction is "that defendant, Louis Futrell, had reasonable grounds to believe and did believe that he or his father was in danger or apparent danger of losing his life or of suffering great bodily harm." The case was made to turn on whether the defendant believed and had reasonable grounds to believe that he or his father was in apparent danger. The instruction in Wagner v. Commonwealth, 108 S. W. 319, and in Wilson v. Commonwealth, 121 S. W., 432, omitted the words "believed and had reasonable grounds to believe," and did not submit to the jury the question what the defendant believed and had reasonable grounds to believe. The same is true of the instructions in the other cases relied on by appellant. We do not see that there is any error in the instruction.

The defendant also complains that the court refused to grant him a new trial on account of certain newly discovered evidence which was to the effect that Osborne was quite drunk on the evening in question, and was abusive and quarrelsome. The defendant introduced on the trial some evidence to the effect that Osborne was drunk, and the newly discovered evidence was only cumulative. A new trial will not be granted on account of newly discovered evidence which is merely cumulative. The jury evidently took the view of the case that all of the parties to the homicide were drinking, and that the difficulty would not have occurred but for this; for they gave the defendant the lowest penalty allowed, evidently considering that although Osborne was in his own house, he was not without fault, but that the shooting was unnecessary. The newly discovered evidence if introduced on the trial would have had no decisive effect on the result. The court did not err in refusing to grant a new trial on account of this evidence. (Hays v. Commonwealth, 140 Ky., 184.)

The court instructed the jury that if they found the defendant guilty of voluntary manslaughter they should fix his punishment at confinement in the penitentiary for not less than two nor more than twenty-one years. The verdict of the jury is in these words:

"We, the jury, find the defendant, Louis Futrell, guilty of voluntary manslaughter and fix his punishment at two years in the penitentiary."

Before the trial was had, the act passed by the last Legislature had taken effect, which provides in substance that the jury shall not fix the punishment but shall simply find the defendant guilty or not guilty, and that the court shall then enter a judgment on the verdict sentencing the defendant to the penitentiary in a case like this for not less than two nor more than twenty-one years. The circuit court disregarded the act, and it is insisted that if the jury had been simply told to find the defendant guilty or not guilty, they would not have found him guilty unless they had been allowed to fix the punishment at two years, the minimum provided by the statute. We cannot assume that the jury did not do their duty truly. They found the defendant guilty, and we cannot assume that they found him guilty unless they believed he was guilty, or that they would have disregarded the instruction of the court, if they had been told to stop with this finding. If the court had followed the statute, the defendant would have been sentenced to the penitentiary for not less than two nor more than twenty-one years. He has in fact been sentenced for only two years. The Commonwealth does not appeal, and he cannot complain as he has been given the lowest penalty allowed by the statute.

Judgment affirmed.