## Sutton v. Commonwealth.

(Decided October 4, 1927.)

### Appeal from Muhlenberg Circuit Court.

1.   Homicide.—Evidence held to support verdict finding defendant guilty of shooting and wounding with intent to kill.

2.   Criminal Law.—In prosecution for shooting and wounding with intent to kill, omitting from instruction phrase referring to shooting in defendant's necessary or apparently necessary self-defense was not error, in view of fact that another instruction correctly stated law of self-defense.

3. Homicide.—In prosecution for shooting and wounding with intent to kill, failure to incorporate in instruction statement that law of self-defense did not require defendant to flee to avoid difficulty because he was on his own premises held not error.

4. Homicide.—In prosecution for shooting and wounding with intent to kill, instruction qualifying self-defense instruction, and stating that, if parties voluntarily entered into combat, intending to shoot, kill, or do some great bodily harm, defendant could not be acquitted on ground of self-defense, held not error.

5. Criminal Law.—It is never proper to grant new trial for newly discovered evidence, if it is doubtful whether such evidence would have preponderating influence on another trial.

6. Homicide.—In prosecution for shooting and wounding with intent to kill, alleged newly discovered evidence relating to threat made by party shot against defendant week or more before shooting held not to have such preponderating influence that, if introduced at another trial, it might secure different result, so as to justify granting new trial.

C. A. DENNY for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was found guilty on a charge of shooting and wounding another with the intent to kill. He relies on three grounds for reversal: (1) The court erred in its instructions to the jury. (2) The verdict is not supported by the evidence. (3) The court erred in overruling his motion for a new trial based on newly discovered evidence.

Appellant and Charlie Rouse were neighbors, living on adjoining farms. There had been no previous trouble between them. Their farms were separated by a division fence. A hog belonging to appellant had trespassed on the land of Rouse by going through a water gap. Rouse sent appellant word to come and get his hog out of the field. When appellant returned home later in the afternoon he went down to the fence with his brother apparently for the purpose of getting his hog out of the field. Some words passed between appellant and Rouse when Rouse left for his house to get his gun for the express purpose, according to his testimony, of killing the hog. According to the testimony of appellant he said he was going after his gun to kill both the hog and appellant. Appellant went to his house to get his gun to pro-

tect himself, as he claims, against the assault which he expected Rouse to make on him. They both returned to the place of combat. Rouse, according to his testimony, was tracking the hog, and did not see appellant until he was fired upon and seriously wounded. He was shot in the shoulder and the side of the head, and he testified that after he had fallen appellant fired another shot into his face, thus destroying the sight of one of his eyes. Rouse was seriously wounded. Appellant testified that when he returned with his gun he saw Rouse, who was at the time taking aim, and he began to shoot. He does not know how many times he fired his shotgun at Rouse. Briefly stated, the facts are as above set out. There is no merit whatever in the contention that the verdict is not supported by the evidence.

The objections to the instructions are vigorously made. It is urged that the first instruction is erroneous, in that it did not contain the phrase, "nor in his necessary or apparently necessary self-defense," while the second instruction did use that phrase. Instruction No. 4 correctly stated the law of self-defense and it was not error to omit the aforesaid phrase from the first instruction. Hoskins v. Commonwealth, 152 Ky. 805, 154 S. W. 919. The instructions in the instant case are governed by the law as announced in Wilson v. Commonwealth, 3 Bush (66 Ky.) 105, and Commonwealth v. Yancy, 2 Duv. (63 Ky.) 375.

It is urged that instruction No. 4 is erroneous in that it does not tell the jury that the law of self-defense did not require defendant to flee to avoid a difficulty, for the reason that he was on his own premises. It was not necessary to incorporate that idea in the instruction. Burden v. Commonwealth, 216 Ky. 787, 288 S. W. 742. It is next urged that instruction No. 5 should not have been given. It is a qualification of the self-defense instruction to the effect that, if appellant and Rouse voluntarily entered into a combat with the intention on the part of each to shoot or kill the other or to do the other some great bodily harm, then the appellant could not be acquitted on the ground of self-defense. Under the authority of the case of Utterback v. Commonwealth, 105 Ky. 723, 49 S. W. 479, 20 Ky. Law Rep. 1515, 88 Am. St. Rep. 328, the instruction was proper. Another ground urged for reversal is that the motion for a new trial should have been sustained because of newly discovered

evidence. The newly discovered evidence relates to a threat which had been made by Rouse against appellant a week or more before the shooting. No good reason is shown why appellant did not know about this evidence before the trial, but, be that as it may, it is never proper to grant a new trial on the grounds of newly discovered evidence, if it be doubtful whether it would have a preponderating influence upon another trial. Hays v. Commonwealth, 140 Ky. 184, 130 S. W. 987. We do not believe that the evidence set out in the affidavit filed in support of the motion for a new trial would have had a preponderating influence if it had been introduced on this trial, or that it would have such influence on another trial.

Judgment affirmed.