Fred BUSH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1960.

Rehearing Denied June 3, 1960.

S. M. Ward, Vernon Faulkner, Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant, Fred Bush, was indicted for the crime of willful murder; was subsequently tried and found guilty of the lesser offense of voluntary manslaughter.

His punishment was fixed at confinement in the State Reformatory for a period of 15 years. Judgment was entered by the circuit court, motion and grounds for a new trial were overruled, and Bush has appealed to this Court.

On November 23, 1958, at about six o'clock p. m., the deceased, in company with two other men, went to appellant's house. Appellant stood beside the automobile in which the three men were seated and conversed with them a short time and then went into his house. Deceased and his companions then drove down the road a short distance, turned around and came back to appellant's house and stopped. Deceased got out of the automobile, walked up to the house, opened a screen door on the porch, walked across the porch and was in the process of opening another screen door which gave access to the house proper when appellant shot him in the chest with a shotgun, causing his death. Appellant testified that on the night before the shooting took place the deceased had threatened him, that he was afraid of deceased, and that he shot in self-defense. He further testified that as deceased approached the house he requested him not to enter.

On the trial of this case it appears that the regular jury panel had been exhausted and that the sheriff was directed to summon bystanders to complete the formation of a jury. One of the bystanders who was called was shown to be a citizen of the county, but not a registered voter, and his name did not appear on the tax records. The court on its own motion excused said prospective juror from service to which appellant made seasonable objection and exception.

KRS 29.045(3) provides that it shall be cause for challenge if the name of a juror does not appear on the last returned tax commissioner's book for the county or on the last returned voters' registration book. Appellant argues that this is only a cause for challenge and does not authorize the court to excuse a juror in the absence

of such challenge having been made. There is no merit in his contention. The court has broad discretion in exercising its power to excuse jurors in a criminal case. Tarrence v. Commonwealth, Ky., 265 S.W.2d 40. It is not an abuse of discretion to excuse a prospective juror who does not qualify under the above statute.

Appellant was asked if he knew that deceased had a grudge against him. His answer was "Yes," but he was not permitted to state what other persons had said. He then was asked if he had heard of any threats deceased made against him, and answered in the affirmative, but again was not allowed to state what he heard other people say. By avowal he stated he had been told deceased was "mad at me, and that I'd better watch him." Later in the trial the court permitted the following questions and answers to go to the jury:

"Q. 8. Had anyone told you before that time, before the Boyd Campbell incident, of any threats made by Bethel Smith toward you?

(Counsel for the Commonwealth objects)

"By the Court

"I'll let him say yes or no.

"A. No, not at that time. I believe several before this.

"Q. 9. Well, I said before this time? A. Yes, sir, they was two or three fellers—"

On each occasion the court advised appellant that he had the right to bring any person into court who had heard any threats made against him and offer his testimony.

Appellant contends the court refused to permit him to testify concerning threats he had heard were made against him by deceased, and that such refusal was prejudicial error. However, it is obvious he did testify that he had heard of threats made against him by deceased. Although he was not permitted to state what other

persons said, by his avowal it is apparent the extent of the threat was that deceased was mad at him and that he had better watch him. A defendant is entitled to show why he believed it was necessary to shoot and kill in self-defense, and we feel he was not denied that privilege here. He was permitted to show that he had learned from other persons of threats made by deceased. Had he been permitted to testify further he would have shown, as he avowed, not threats, but mere bad feelings of deceased. The court's ruling was not prejudicial.

 The final ground urged for reversal by appellant is that the court failed to give a specific instruction to the effect that the law does not require him to retreat from his premises in order to avoid use of force against an intruder, and that he had a right to use such force as necessary to prevent intrusion. The court gave a self-defense instruction substantially the same as has been heretofore approved by this Court. Stanley's Instructions to Juries, § 891. Appellant testified that he watched deceased walk up to his house and called out to him twice not to come in; that he picked up a shotgun and fired at deceased as he started to open the door into his house. He stated he was afraid of deceased and fired in self-defense. It has long been the opinion of this Court that it is not necessary to instruct the jury that a defendant is not required to flee his premises in order to avoid difficulty. Sutton v. Commonwealth, 221 Ky. 219, 298 S.W. 707. In fact, an instruction which does set out particular facts has been condemned, and it has been held that an instruction on self-defense should be in the usual form, leaving the question to be determined by the jury in the light of all the facts and circumstances of the case, rather than in the light of certain particular facts. See Chilton v. Commonwealth, 170 Ky. 491, 186 S.W. 191. The instruction given permitted the jury to consider all evidence heard in the case without placing emphasis on any particular fact.

The judgment is affirmed.