**Lemuel EVANS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42141.**

Court of Criminal Appeals of Texas.

June 18, 1969.

Evans, Marshall, Graham & Ribak, Rose Spector, San Antonio, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment, 10 years' confinement in the Texas Department of Corrections.

Mrs. Nora Bennett, the 79-year-old complaining witness, testified that on May 25, 1967, shortly after she became a widow, appellant and another man appeared at her home in Stephenville wanting to inspect and spray her house for termites and borers; that she declined since the same work had been done within the last year or so; that she departed for a wedding shower and when she returned the two men were still there sitting on her porch; that the pair returned early the next morning and she finally consented to an inspection; that the other man returned from her attic with what she was told were borers; that the appellant and his companion represented to her that her roof was in such condition that it would soon fall in on her if action was not taken immediately. Relying upon such representations she authorized them to proceed.

She related that appellant stayed with her while the other man supposedly did the job; that at its conclusion appellant informed her the work would cost her $250.00; that since her eyesight was troubling her that day she permitted the appellant to make out the check and that she signed the same without attempting to read it while appellant was on his knees right near her face; that she handed the check to the appellant and both men departed; that shortly after they left the men returned and appellant requested

she call the bank and authorize the cashing of the check which she refused to do; that the other man again departed and the appellant remained at her house "walking the floor like he was scared to death"; that approximately 30 minutes later the other man returned and both men left.

Mrs. Bennett testified that appellant was at her house on two different days and that she "got a good look at him" and did not think she would ever forget him.

She identified State's Exhibit No. 1, a $2,556.45 check payable to Don Grubbs, as the check she had signed and given to appellant on the day in question, though she related she did not know the check was for that amount when she signed it. She easily read aloud the check when asked to do so in the courtroom.

J. H. Doshier, Cashier at the Stephenville State Bank, identified State's Exhibit No. 1 as the check cashed at his bank on May 26, 1967, by an unidentified man after it had been endorsed with the name "Don Grubbs."

D. L. Perry, a termite exterminator, testified that at the request of the District Attorney he made an inspection of Mrs. Bennett's house and attic in October, 1967, and found no evidence of any termites or borers, or any evidence that there had ever been any or any evidence that repair work of any kind in this connection had been done.

Testifying in his own behalf, appellant, who had previously been convicted of a felony, denied the offense charged, though he acknowledged he knew Don Grubbs with whom he had worked on occasions. He admitted he was with Grubbs in San Antonio when a man from Stephenville had given Grubbs a list of people, mostly elderly, to call on in connection with his exterminating business but denied any knowledge of the Bennett job.

He called witnesses who identified the handwriting on State's Exhibit No. 1 as that of Don Grubbs as well as a handwriting expert who testified such handwriting could not be that of the appellant.

In his first ground of error appellant contends the trial court erred in admitting an in-court identification of him without first determining that such identification was not tainted by an illegal lineup but was of independent origin in violation of his rights under the Sixth and Fourteenth Amendments, United States Constitution.

Appellant relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

The case at bar was tried before the court upon a plea of not guilty after a waiver of trial by jury.

On direct examination the complaining witness made a prompt and positive identification of the appellant as the man to whom she had given the check in question.

To such in-court identification there was no objection, and no evidence as to a lineup was offered by the State to support or buttress her identification testimony.

When the State rested its case there was a delay in the proceedings for several days pursuant to appellant's request. Upon resumption the appellant offered the testimony of Texas Ranger George Roach, who related that the complaining witness had without hesitation selected appellant out of a five-man lineup conducted in the Bexar County jail, San Antonio, on October 7, 1967; that the men were approximately the same age and height and had similar features; that no suggestions were made to the complaining witness; that the lineup was arranged in advance of his arrival and he did not advise the appellant of his right to have counsel present.

Assuming that the record is sufficient to show that appellant did not have counsel at the lineup and had not waived such right, we observe that no motion to strike was ever offered, nor was the admissibility of the in-court identification even questioned or called to the trial court's attention in the motion for new trial.

Appellant seeks to raise this ground of error for the first time in the process of the appellate procedure.

In Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, where we discussed a suggested procedure for handling post-Gilbert and Wade questions, it was observed that it is fundamental that a timely objection to inadmissible testimony must be urged at the first opportunity. This was not done in the case at bar nor has appellant shown a reason for delaying his objection. Renfro v. State, 156 Tex.Cr.R. 400, 242 S.W.2d 772.

■ We did note in Martinez that identification has now assumed a constitutional dimension and that constitutional rights cannot be easily waived. Nevertheless, violations of constitutional rights, the same as other rights, may be waived by failure to make a timely and appropriate objection. Futrell v. Commonwealth of Kentucky, Ky., 437 S.W.2d 487. See also Zerschausky v. Beto, 396 F.2d 356 (5 CA) holding that constitutional rights may be waived by conscious decisions of trial strategy.

■ Certainly we are aware of the federal cases which hold a state procedural default does not bar a federal court from considering constitutional claims. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408. Nevertheless, when an accused deliberately bypasses orderly state procedure for raising constitutional claims and, as here, fails to call the trial court's attention to the complained of testimony and afford him an opportunity to comply with the dictates of Gilbert and Wade, he is precluded from raising the question for the first time on appeal. See State v. Sanders, 202 Kan. 551, 451 P.2d 148.

■ Further, it appears clear that the in-court identification had an independent origin. See Fitts v. United States, 406 F.2d 518 (5 CA). See also Martinez v. State,

supra; Sanders v. State, 219 So.2d 913 (Miss.). Mrs. Bennett had an adequate opportunity to observe appellant at close range on two different days and she never identified another person prior to the line-up or failed to identify the accused on prior occasion, nor was there any discrepancy between an pre-lineup description and the actual appearance of the appellant. It is true that Mrs. Bennett was shown a slip of four pictures by the District Attorney some six weeks after the alleged criminal act and she identified one photo as being that of the appellant, but there was nothing suggestive about the procedure. Further, the lapse of time between the act and the identification is only one factor to be considered. Lucas v. State, Tex. Cr.App., 444 S.W.2d 638 (No. 42,121).

Ground of error #1 is overruled.

■ Appellant next contends the pretrial identification was a lineup held under such circumstances as to amount to a denial of due process of law. He urges this independent of the right to counsel claim discussed in Wade and Gilbert. In Martinez v. State, supra, we took note that even in post-Gilbert and Wade cases questions concerning the conduct of the lineup may be relevant in determining the origin of an in-court identification. See Footnote #2. See also Pearson v. United States, 389 F.2d 684 (5 CA). And it has been indicated that "in an aggravated case involving violation of such proportions as in effect to deprive the defendant of due process the appellate court may grant relief notwithstanding failure to make proper objection." Futrell v. Commonwealth of Kentucky, supra. This is not such a case. Such an attack is based upon a totality of the circumstances bearing upon the identification of the accused with the particular crime. If the procedure employed to obtain such identification fails to meet those "canons of decency and fairness established as part of the fundamental law of the land" then due process has been violated. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.

Ed.2d 1199; See Palmer v. Peyton, 359 F. 2d 199 (4 CA).

■■ A mere showing of pictures prior to a lineup is not a denial of due process. People v. Rowell, 14 Mich.App. 190, 165 N.W.2d 423. See also Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247. While it is conceded that Mrs. Bennett suffered from cataracts, there is nothing to suggest that her eyesight was such that it prevented her from making a positive identification of the appellant. The testimony elicited by the appellant as to the lineup indicates no fundamental unfairness. We cannot conclude that when considered in light of the totality of the surrounding circumstances that there has been a violation of the "canons of decency and fairness" in the identification of this appellant with the offense charged.

Ground of error #2 is overruled.

Appellant's third ground of error reads as follows:

"Defendant was denied a fair trial in violation of the Fourteenth Amendment to the Constitution of the United States because complaining witness testified falsely with the knowledge of the prosecutor on a material point."

This is a suppression of evidence question based on the fact that the complaining witness on cross-examination stated:

"Q. Now, have you seen this man here that you have identified being at your house since May 25, 1967?

"A. No, sir.

"Q. This is the first time you have seen him since then?

"A. Yes, sir."

It is appellant's claim that since subsequent evidence showed the complaining witness had viewed the appellant in a lineup between May 25, 1967, and the date of the trial that she testified falsely with

knowledge of the prosecutor.[1] We first observe that at no time was the complaining witness' attention directed to the lineup and there is no showing that the prosecuting attorney had any knowledge of such lineup.[2]

▇ Since appellant presented evidence of the lineup itself, it is obvious he had knowledge during the trial that the complaining witness had identified him at a lineup. Under such circumstances he cannot now complain of the suppression of the evidence. Means v. State, Tex.Cr.App., 429 S.W.2d 490, 496; See also Thomas v. United States, 343 F.2d 49 at pp. 54–55 (9 CA); United States ex rel. Thompson v. Dye, 221 F.2d 763 at p. 767 (3 CA), cert. den. Commonwealth of Pa. v. United States ex rel. Thompson, 350 U.S. 875, 76 S.Ct. 120, 100 L.Ed. 773.

Ground of error #3 is overruled.

▇ Lastly, appellant complains that there is no evidence, direct or circumstantial, to establish appropriation, an essential element of the offense of which he has been convicted. We cannot agree. The evidence shows the check was handed to appellant in Stephenville, that he later returned and asked the complaining witness to call the bank, and when she refused he remained there while his companion departed for approximately 30 minutes. He left when his companion returned. Other evidence shows that on the same day the check was cashed in the bank at Stephenville and no money was ever recovered. The check was made out to and endorsed by Don Grubbs, a man appellant acknowledged that he knew and had worked with in the past.

Ground of error #4 is overruled.

The judgment is affirmed.

1. Throughout her testimony Mrs. Bennett related she first saw appellant on May 25, 1967, and that he returned on May 26, 1967.

2. It should be noted that on occasion the actual knowledge of the prosecuting attorney may be immaterial. See Barbee v. Warden, 331 F.2d 842 (4 CA).