Clarence Lee BOWMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42258.

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Lloyd Kerr, San Angelo, Walter Wolfram, Amarillo, for appellant.

Royal Hart, Dist. Atty., San Angelo, Jim Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for rape; the punishment, twenty-five years.

The record reflects that after the sixty-three year old prosecutrix parked her car in her garage at approximately nine-thirty at night, the appellant, who was nineteen years of age, hit, choked, threw her to the floor of the garage and forcibly had sexual intercourse with her. He also forcibly committed sodomy upon her. He asked why her purse was not in the car. She said it was in the house and she would give him all her money if he would spare her life. Appellant told her to tiptoe in the house and get the purse, and if she made one sound he would kill her. As she started toward the house, her mother turned on the bright overhead garage light and he ran.

Appellant's defense was alibi, which the jury chose not to believe.

Complaint is made in the first ground of error of the argument of the district attorney which is as follows:

"If you acquit this defendant, if you want others to know it, you will be opening the door to rape in Tom Green County, Texas. This verdict is no stronger than the weakest heart on this jury."

Mr. Davenport, appellant's retained trial counsel, objected " * * * the fact if you acquit this man you would be opening the

door to rape, and ask that the jury be instructed not to consider it." The objection was overruled.

Owens v. State, 168 Tex.Cr.R. 88, 323 S.W.2d 260, held that it was not error when a prosecutor made practically the same argument in a murder case. It was noted that such argument fell into the category of cases where it has been held proper for a prosecutor to argue to the jury that one of the objects of punishment is to suppress crime. See Carter v. State, Tex.Cr.App., 431 S.W.2d 8.

The first ground of error is overruled.

In a supplemental brief complaint is made for the first time of the in-court identification of appellant, because the prosecutrix had seen a photograph or mug shot of appellant when he did not have counsel present, and that she had seen appellant in the courtroom during a proceeding in another trial before a lineup was conducted.

The prosecutrix testified that on the night of the attack she was within fourteen inches of appellant's face when a bright light was turned on. When asked if she saw the person seated in the courtroom that had attacked her, she looked in the direction of appellant and paused. She was then asked if she would like to get closer to anyone in the courtroom and she replied that she would.[1] She walked from her chair, stopped and faced appellant from a distance of two or three feet. The district attorney asked her if she wanted appellant to remove his coat and she nodded. She then took her seat and then testified that she was positive that appellant was the man that had attacked her, and there was no doubt in her mind. On cross and redirect examination she testified that she went to the hospital on Tuesday, the night of the attack, was released the next day, and on Thursday at her sister's home she looked at some thirty or more photographs and identified appellant in one of them.

Appellant testified that he was in a lineup with five others; that W. A. Johnson, an attorney who had represented him earlier at a robbery by assault trial, was present. Appellant also testified that the prosecutrix was in the courtroom at his pretrial on the other case; that his attorneys Johnson and Tupper were present and that Johnson pointed her out to him.

In Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402, relied upon by appellant, the Supreme Court of the United States reversed a robbery conviction where Foster who was close to six feet in height and the other two men in the first lineup were short—five feet five or six inches. Foster wore a leather jacket which the witness said was similar to the one he had seen under the coveralls worn by the robber. The witness thought he was the man, but was not sure. The witness asked to speak to Foster, and Foster, by himself, was brought into an office and seated across the table from the witness; the witness was still uncertain. A week or ten days later another lineup was held. Of the five people in this second lineup Foster was the only person there who had appeared in the first lineup. The witness was then convinced that Foster was the man and later identified him in court.

The Supreme Court reversed the conviction on the "totality of the circumstances" and noted that the conduct of identification procedures may be so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law.

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, complaint was made of a pretrial identification

---

1. A question interjected by appellant's counsel "Do you wear glasses?" was not answered.

where photographs were shown to witnesses to the robbery. The Court stated:

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973 [18 L.Ed.2d 1199], and with decisions of other courts on the question of identification by photograph."

In the present case there was no showing that the exhibition of some thirty photographs, including one of appellant, was unnecessarily suggestive and conducive to misidentification as to deny him due process of law. The prosecutrix was shown these photographs the day after she was released from the hospital. Appellant had not been arrested. As in Simmons v. United States, supra, it was essential for the enforcement officials in the present case to act swiftly to determine if they were on the right track and that the justification of this method of procedure was hardly less compelling than the one the Supreme Court held was justified in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.[2]

In Lucas v. State, Tex.Cr.App., 444 S.W. 2d 638, a lineup case, this Court held that a timely objection to inadmissible evidence must be urged at the first opportunity. In the present case complaint was not made until a year after the trial when a supplemental brief was filed. Appellant had retained counsel who, according to the record, had been practicing law for some fifty years. On cross-examination he made a strong but unsuccessful attempt to discredit the prosecutrix on her in-court identification of appellant. According to his own testimony, appellant had counsel at the lineup and when he was seen in the courtroom. Nothing was shown to be irregular at the lineup. No showing was made of anything suggestive in the identification process. Appellant's counsel did not choose to develop further facts concerning the identification. No effort was made by the State to bolster the in-court identifica-

2. In United States v. Collins, (4th Cir.) 416 F.2d 696, no one in the courtroom could identify Collins as the robber. He had lost some seventy-five pounds between the time of the lineup and the time of the trial. Photographic identification without counsel was made by two witnesses who were not present at the lineup. Referring to the pictures one witness who was present at the lineup identified Collins. The two witnesses who were not present at the lineup pointed out to the jury the person they had previously named in the pictures. It was shown that each of them selected Collins as the robber. The court affirmed the conviction even though the identification rested solely on the lineup and lineup photographs. The court held that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, do not go so far as to require the presence of defense counsel at the showing of a picture of an impartial lineup to witnesses who missed the lineup. There was a dissent on the grounds that photographs should not have been used after the arrest was made.

tion testimony. There was no motion by appellant for a hearing outside the presence of the jury.[3]

The trial court heard the witnesses and had sufficient facts to conclude that there was clear and convincing proof that the in-court identification was of independent origin when he refused to grant a new trial after the supplemental brief was filed.

The second ground of error is overruled.

There being no reversible error, the judgment is affirmed.

---

3. See Evans v. State, Tex.Cr.App., 444 S.W.2d 641, and Evans v. State, Tex.Cr.App., 445 S.W.2d 180.