Johnnie JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42988.

Court of Criminal Appeals of Texas.

July 8, 1970.

Rehearing Denied Oct. 14, 1970.

Marvin O. Teague, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert R. Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced by a prior conviction under the provisions of Article 62, Vernon's Ann.P.C., life.

Initially, appellant challenges the sufficiency of the evidence to sustain the conviction.

Raymond Victor, a Rapid Transit Company bus driver, testified he was robbed at gun point of approximately $100.00 at 8:40 p. m. on January 21, 1968, in the city of Houston. The robbery occurred at the regular bus stop at the corner of Bonita and Denmark Streets. Victor positively identified the appellant as his assailant and related that he handed the money which was in his care, custody and control, to the appellant because he was in fear of his life.

Isaac Daniels, the sole passenger on the bus at the time, testified he saw the bus driver hand the money changer or some object out the bus door, but that he did not realize a robbery had occurred until the bus drove off. He was unable to identify the appellant since he did not see anyone outside the bus as it was raining and the bus windows were "fogged up."

The appellant offered two alibi witnesses and the court submitted that issue as a defense.

The jury by their verdict rejected such defense and we find the evidence sufficient to sustain the verdict.

The next two grounds of error complain of the trial court's failure to conduct a separate hearing relative to the complaining witness' in-court identification and the failure of appellant's trial counsel to obtain such a hearing and "to attack the lineup on the grounds as set forth in United States v. Wade [388 U.S. 218], 87 Sup.Ct.Rep. 1925 [1926] [18 L.Ed.2d 1149]; Gilbert v. California [388 U.S. 263], 87 Sup.Ct.Rep. 1951 [18 L.Ed.2d 1178]; and Stovall v. Denno [388 U.S. 293], 87 Sup.Ct.Rep. 1967 [18 L.Ed.2d 1199]."

Victor made a positive in-court identification of the appellant as his assailant without objection. Subsequently, and also without objection, he related on direct examination that some 10 or 12 days after the alleged offense he picked appellant out of a police lineup.

On cross-examination appellant's counsel, in the presence of the jury, thoroughly explored the identification procedure which was utilized. On re-direct examination of the witness Victor the following occurred:

"Q. Was there enough illumination from the lights of your bus so that you are positive as to the identification of that man who was standing only four or five feet away from you?

"A. That's right."

■ At no time was any objection offered to the identification testimony or the court apprised that the identification was being questioned on the basis of a prior police lineup or other pre-trial identification procedure and at no time was a separate hearing on such matter requested. Under these circumstances the court did not err in failing to conduct such a hearing. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Evans v. State, Tex.Cr.App., 444 S.W.2d 641, 644; Lucas v. State, Tex. Cr.App., 444 S.W.2d 638; Bowman v. State, Tex.Cr.App., 446 S.W.2d 320.

■ While the record does not reflect whether appellant had counsel at the lineup or had waived the same, the testimony, developed chiefly on cross-examination, clearly shows the pre-trial identification was not suggestive or violative of due process. The vigorous cross-examination indicates appellant's counsel's awareness of his client's rights in this area, and there is nothing to indicate that a separate hearing would have shown a violation of appellant's rights. The State suggests the failure to request a separate hearing may have been a part of the trial strategy of appellant's counsel. We decline to hold counsel

ineffective for the failure to request such hearing.

▇▇▇ Lastly, appellant complains he was compelled to participate in a police line-up without proper legal warning, without counsel or a showing of waiver of counsel. There is nothing in the record to support such a claim. There is no showing that appellant did not have counsel at the lineup or had not affirmatively waived the same.[1] Further, a mere showing of pictures prior to a lineup is not a denial of due process. Evans v. State, Tex.Cr.App., 444 S.W.2d 641. The record does not indicate the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. United States v. Sutherland, 428 F.2d 1152 (5th Cir.). See also Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; Bowman v. State, Tex.Cr.App., 446 S.W.2d 320.

All of appellant's grounds of error are overruled. The judgment is affirmed.

1. Acknowledging that it cannot be considered a part of the record on appeal, the State has attached to its brief a written waiver of counsel at lineup signed by appellant and two witnesses which includes a legal warning as to his rights.