Joseph Lee **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43081.

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Rehearing Denied Oct. 21, 1970.

R. Leon Pettis, Donald L. Boudreaux, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., and Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary with a prior conviction for felony theft alleged for enhancement; the punishment, twelve years.

Appellant contends that the trial court erred in overruling his motion for new trial based on the admission of evidence of his identification at a lineup on the ground it denied him a fair trial and due process.

A hearing was held pertaining to the lineup in the absence of the jury before the testimony was admitted at the guilt stage.

The appellant signed a waiver of the presence of counsel at the lineup. No proof was offered at the hearing on the motion for new trial pertaining to the lineup.

The testimony at the guilt stage reveals that the five-man lineup was held the next morning after the alleged burglary. The testimony reflects that the officer used in the lineup was a well-known policeman and that the store owner went to the police station almost monthly concerning shoplifting. The owner of the burglarized store testified that he did not know and did not remember having seen the appellant or any of the men before the lineup, that he had no information, leads or suggestions from anyone prior to the lineup, and that he did not know there was a policeman in the lineup and never recognized him if he had seen him before. Nothing from the testimony of the makeup of the lineup or the photograph of it indicated to the store owner the identity of the men seen by the store owner at his store. The store owner had adequate opportunity after he arrived at the store to observe the appellant leaving the burglary scene under excellent lighting conditions.

The testimony or the photograph does not suggest or indicate anything resulting in mistaken identification which would deprive appellant of a fair trial and due process. Evans v. State, Tex.Cr.App., 444 S.W.2d 641; Bowman v. State, Tex.Cr. App., 446 S.W.2d 320. This ground of error is overruled.

█ It is contended that the state's attorney at the guilt stage of the trial committed reversible error in commenting on the appellant's failure to testify in his closing argument to the jury.

This matter arose as follows:

State's Attorney:

"* * * I don't know if people understand our so called evidence system or not, but theoretically when Mr. Pettis is hired or appointed, or whatever it may be, to defend a criminal case, he has a duty to represent his client, which is the way it ought to be done. He has the duty to bring forth any evidence that he may have that might help his client. It hasn't really worked out that way. Apparently Mr. Pettis has no evidence, so he has done something which—(interrupted)

"*Mr. Pettis:* Your Honor, we are going to object at this time. Counsel says, we have a duty to bring forth evidence.

"*Mr. Umphrey:* I said if he had any, Your Honor.

"*Mr. Pettis:* Your Honor, we ask that the Jury be instructed—

"*The Court:* All right Counsel. Members of the Jury, follow the instructions in the charge."

It appears that the state in its argument was referring to the general rights of an accused and was not necessarily commenting on the failure of the appellant to testify in this case. Appellant did not object at the time the argument was made that it was a comment on his failure to testify; and seems to have been satisfied with the instruction given by the court to the jury in that he made no motion for a mistrial. No reversible error is shown.

█ The admission of evidence of the prior conviction alleged for enhancement at the punishment stage is urged as error on the ground that such conviction was void.

The court assessed the punishment.

At the hearing at the punishment stage, the appellant objected to the record evidence introduced to show the alleged prior conviction on the ground that they did not bear the signature of the presiding judge but only his printed name; and that Henry Small, the record clerk of the Texas Department of Corrections, was not present; and the fingerprints were not shown to be those of the appellant. It was shown that the trial judge signed the minutes at the close of the term of court during which this cause was tried.

The record reflects that the same trial judge trying this case was also the trial judge on the trial of the alleged prior conviction. While testifying, the state's attorney presenting the alleged prior conviction identified the appellant in this case as the same person who entered a plea of guilty in the prior conviction.

On his motion for new trial the appellant testified that following his arrest for the offense alleged in the prior conviction that he made and signed a confession without any warning that he could have counsel and that he plead guilty because he thought the confession was valid.

In rebuttal the state introduced the appellant's voluntary written statement in the prior conviction after he had examined it and stated that it bore his signature. The state also introduced the appellant's waiver of jury, stipulation of testimony and the docket sheet in said prior conviction. Under the record the plea of guilty precludes any error. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763. The third ground of error is overruled.

█ In his fourth ground of error the appellant first contends that the state intentionally withheld evidence as to the color of the Cadillac driven by the appellant, in that, all the state's witnesses testified he

was driving a green Cadillac, whereas, the appellant testified on his motion for a new trial that he did not own a green Cadillac but did drive a Cadillac with a dark navy blue top and powder blue body.

It was shown by the state that it had a license receipt for the Cadillac, which appellant's counsel was informed of during the trial, but the receipt which is in the record does not show the Cadillac's color. One of the state's attorneys testified that from all the information he had the color of the Cadillac was green, that the state's file indicated the same, and he tendered the file into court. Under the record this contention reveals no error.

Next, the appellant contends that the evidence of the state was insufficient because it was contradictory and conflicting and pointed to several discrepancies. These matters raised no more than fact issues which were resolved against the appellant. The fourth ground of error is overruled.

The judgment is affirmed.