**Jackie Eugene GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43736.**

Court of Criminal Appeals of Texas.

May 5, 1971.

Rehearing Denied June 16, 1971.

J. Rodney Brister, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland,

Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by firearms[1] with the punishment being assessed by the Jury at 25 years.

Jim Carson, owner of Papa Jim's Grocery Store on Holmes Street in the city of Dallas, testified that about 9:15 a. m. on February 27, 1968, the Appellant Green entered his store and at gunpoint robbed him of $153, some change and several cartons of cigarettes.

He identified a .22 cal. revolver as the firearm used by the Appellant. The weapon was shown to have been recovered from an automobile the Appellant and three other men were pushing when they were arrested in Dallas on March 3, 1968.

Testifying in his own behalf the Appellant denied the offense and related he was arrested in Dallas on March 3, 1968.

In his first ground of error Appellant contends the trial court erred in permitting the in-court identification of him by Carson as such identification was in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Appellant's court appointed counsel on appeal cites and relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L. Ed.2d 1178.

The record reflects Appellant's retained trial counsel made no objection to Carson's positive in-court identification nor requested a separate hearing to determine its admissibility. At no time during the trial did such counsel move to strike such testimony or make known to the trial judge the claim

now advanced, even though it is apparent from the record Appellant's counsel knew there had been a photographic identification and a lineup.

In Thornton v. State, Tex.Cr.App., 451 S.W.2d 898, this Court said:

"In Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, it was observed that a timely objection to identification testimony must be made at the first opportunity. This was not done, and no reason is shown for delaying his objection. See Lucas v. State, Tex.Cr.App., 444 S.W.2d 638; Evans v. State, Tex.Cr.App., 445 S.W.2d 180, and Evans v. State, Tex.Cr. App., 444 S.W.2d 641."

In Evans v. State, Tex.Cr.App., 444 S. W.2d 641, 644, it was pointed out that violation of constitutional rights, the same as other rights, may be waived by failure to make a timely and appropriate objection and this is particularly true where the accused deliberately bypasses orderly State procedure for raising constitutional claims, and as here, fails to call the trial judge's attention to the complained of testimony and afford him an opportunity to comply with the dictates of Gilbert and Wade. When he does, he is precluded from raising the question for the first time on appeal.

Further, we note that the State made no effort to bolster the in-court identification by offering evidence as to any pretrial identification.

On cross-examination, Appellant's counsel did elicit from the complaining witness Carson that he had identified the Appellant in a police station lineup composed of four men some four to six days after the alleged offense.

The Appellant also testified he was placed in a lineup a few days after his arrest with those with whom he had been ar-

<hr>

1. Prior to the two-day trial which commenced on June 11, 1968, the State filed its written waiver of the death penalty.

The Appellate record did not reach this Court until November 30, 1970.

rested. He made no claim he was at the time without counsel or had not waived the same.

Officer Sewell was called as a defense witness and related that approximately 45 minutes after the robbery he had shown Carson a group of four or five pictures and that Carson had selected Appellant's picture from the group.

The use of photographs for the purpose of identification is not a denial of due process. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; Evans v. State, Tex.Cr.App., 444 S.W.2d 641; Daniels v. State, Tex.Cr.App., 464 S. W.2d 368; Proctor v. State, Tex.Cr.App., 465 S.W.2d 759.

Sewell's testimony did not indicate that the procedure utilized was suggestive or that it could have resulted in an irreparable mistaken identification.

We find nothing in the record relating to the lineup to indicate any violation of the Wade-Gilbert principles.

Ground of error #1 is overruled.

The appellant did seek to make identification an issue before the jury contending the 65 year old Carson who had no sight in his right eye had been mistaken when he identified the Appellant as his assailant. And Carson, who testified he was 6′ 11″ tall, did report to the police that he had been robbed by a man "around five feet something", "around five feet, between four and five feet, something like that. Seemed like he reached me up here (indicating) around my ears." The appellant testified he was five and a half feet tall.

It was shown that Carson had 20/20 vision in his left eye and did not use glasses except sometimes when he read at night. Further, he had a good opportunity to observe his assailant during the course of the alleged robbery in daylight hours.[2] In his jury argument, Appellant's counsel acknowledged that the jury had seen the witness, Carson, and that such witness was closer to 5′ 11″ tall than the height given, but still urged the possibility of misidentification.

The jury, by their verdict, rejected such argument.

Appellant's second ground of error reads:

"The trial court erred in not granting Defendant's motion for new trial because the totality of the circumstances bearing upon the identification of the accused were so fundamentally unfair and violative of due process as to deprive the accused of a fair trial in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States."

In urging this due process claim, the Appellant relies upon Evans v. State, Tex.Cr. App., 444 S.W.2d 641, 645.[3]

2. On cross-examination when asked if he could describe his assailant's clothing Carson replied:
"No, I just looked at his face, I watched his eyes trying to see where he was going to shoot me."

3. In Evans v. State, supra, this Court said:
"Appellant next contends the pretrial identification was a lineup held under such circumstances as to amount to a denial of due process of law. He urges this independent of the right to counsel claim discussed in Wade and Gilbert. In Martinez v. State, supra, we took note that even in post-Gilbert and Wade cases questions concerning the conduct of the lineup may be relevant in determining the origin of an in-court identification. See Footnote #2. See also Pearson v. United States, 389 F.2d 684 (5 CA). And it has been indicated that 'in an aggravated case involving violation of such proportions as in effect to deprive the defendant of due process the appellate court may grant relief notwithstanding failure to make proper objection.' Futrell v. Commonwealth of Kentucky, supra [141 Ky. 310, 132 S.W. 555]. This is not such a case. Such an attack is based upon a totality of the circumstances bearing upon the indentification of the accused with the particular crime. If the Procedure employed to

**484**

First, we observe the only allegation in the motion for new trial was that the "verdict is contrary to the law and evidence." See Article 40.03, (9), Vernon's Ann.C.C. P. If evidence was offered in support of such motion it is not in the record before us and the action of the trial court in denying such motion is not presented for review.

If it be Appellant's contention that the trial itself reflects a due process violation relevant to the identification procedure, we conclude, in applying the totality of the circumstances test, that the contention is without merit, Evans v. State, Tex.Cr. App., 444 S.W.2d 641, 645.

The judgment is affirmed.

obtain such identification fails to meet those 'canons of decency and fairness established as part of the fundamental law of the land' then due process has

been violated. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; See Palmer v. Peyton, 359 F.2d 199 (4 CA)."