Joseph A. Martinis, J.
This is a question of “ first instance ” resulting from the decisions of the Supreme Court of the United States, in United States v. Wade, Gilbert v. California and Stovall v. Denno, all hereinafter referred to.
The defendant has been indicted for robbery in the first degree, grand larceny in the second degree, assault with intent to commit a felony, and possession of a dangerous weapon. The facts, at this point, are immaterial.
The defendant has applied by motion to this court for a pretrial hearing to determine whether the police lineup or showup was 6 ‘ unnecessarily suggestive and conducive to irreparable mistaken identification ” (Stovall v. Denno, 388 U. S. 293, 302 [June 12,1967]) and that, a fortiori, the courtroom identification would be tainted as to thus deprive the defendant of due process of law.
The District Attorney has opposed the application contending, (a) that nothing contained in the Stovall decision mandates any hearing; (b) that the unconstitutionality of the station house identification can only be attacked after conviction; and (c) if the *827 court were to grant a hearing on the identification issue, that such hearing be granted only after the defendant exhausted his cross-examination of the identifying witness before the jury and then upon motion of the defendant, if he so desires, such hearing be held by the court in the absence of the jury to determine whether there was a violation of due process. In support of this latter argument, the District Attorney urges that it would be an undue burden placed upon a victim to testify twice upon the same issue and in some instances would subject the victim, particularly a female in a rape case, to a traumatic experience.
Thus, the threshold question before this court is to determine whether a hearing is required, and, if so, at what stage of the proceedings, and the applicable law under the Stovall v. Denno decision.
First, as to whether any hearing is required. There is no legislative provision or judicial precedent for granting the type of hearing here requested. As in the cases of Mapp v. Ohio (367 U. S. 643 [1961]) and Jachson v. Denno (378 U. S. 368 [1964]) the courts must improvise as was done in “ search and seizure ” and “ involuntary confessions ” so that hearings would be held to conform with the requirements thereof. The ruling in Stovall implicitly appears to require that a hearing be held upon a proper showing. (See, also, United States v. Wade, 388 U. S. 218 [June 12, 1967] and Gilbert v. California, 388 U. S. 263 [June 12, 1967] which involved the issue of counsel at the time of the lineup.) A hearing has been defined in People v. Richetti (302 N. Y. 290, 297 [1951]) as follows: í( A ‘ hearing ’ or ‘ trial ’ of such an issue of fact is an empty form unless it takes place in open court, with the right, on each side, to examine and cross-examine. For centuries a ‘ trial? of a dispute of fact has meant ‘ the examination, before a competent tribunal, according to the laws of the land, of the facts put in issue, for the purpose of determining such issue ’ (Ward v. Davis, 6 How. Prac. 274, 275). A ‘ hearing ’ contemplates the right to be present and to put forth one’s contentions by proof and argument (Black’s Law Dictionary, p. 882, and cases cited). This State’s courts have always been faithful to these concepts.”
On an identification issue, defense counsel would not be loath on the hearing before the court, in the absence of the jury, to ask the victim whether she had been shown pictures of the defendant prior to the station house identification and the facts surrounding her examination of such pictures so as to develop whether there was improper suggestion involved. However, counsel might be very fearful of doing this before the jury because of the possibility that the jury would surmise that the *828 pictures were police gallery photographs reflecting a prior conviction. (This presupposes that the defendant would not testify on the trial.) Hence, the issue of admissibility should be determined before the evidence is placed before the jury. The court should resolve the issues as a matter of law whether the police station identification was or was not violative of due process of law (cf. People v. Huntley, 15 N Y 2d 72 [1966]). A hearing is required.
Second, as to the District Attorney’s contention that the attack of the station house identification is a post-conviction remedy. The Stovall case was a collateral attack on the judgment of conviction by way of habeas corpus, the language is applicable to the posture of the case. However, the instant case is in the trial process and the court holds that the issue should be determined at this time.
Third, as to the time of the hearing and the applicable law. By statute (Code Crim. Pro., §§ 813-c, 813-d, 813-e) and judicial precedent (People v. Huntley, supra) provision has been made for pretrial hearings in cases of unlawful search and seizure and involuntary confessions. The issue in the instant ease (identification) is readily distinguishable from those. The evidence secured by means of a search or by confession involves the procuring of evidence, especially confessions or admissions, from the person of the defendant, which will be used against him on the trial. While identification has now assumed a constitutional dimension, it depends on the observations of the witness without any physical trespass on the defendant or his property. The identification does not become an issue until raised on the trial and in many instances may not be an issue at all. Where a robber is apprehended at or near the scene and is identified by the victim, and no further identification is made until the courtroom confrontation, no hearing would be necessary. Hence, this court departs from the procedure under sections 813-c-813-e of the Code of Criminal Procedure and holds that no pretrial hearing is necessary. However, during the trial, before a jury, once the “ in court ” identification of the defendant is sought to be introduced and the court is apprised that the identification is questioned on the basis of a prior police station identification, then upon motion of defense counsel a hearing be held outside of the presence of the jury, and for the purpose of the hearing, the trial be suspended until the completion of the evidence on the hearing and the ruling thereon by the court. Should the court find that the procedures in the police station were violative of due process, then the People are precluded from offering any evidence of the station house identification before the jury. The *829 witness could still identify the defendant as the perpetrator of the crime subject to, but not limited by, the test set forth in United States v. Wade (388 U. S. 218, 241, supra), “ We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 371 U. S. 471, 488, ‘ “ [W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.” Maguire, Evidence of Guilt 221 (1959).’ See, also, Hoff a v. United States, 385 U. S. 293, 309. Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant’s actual description, and identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts, which, despite the absence of counsel are disclosed concerning the conduct of the lineup.” The fact that an identification has been made in the station house would not vitiate a courtroom identification if the latter was based on an independent source resulting from the witness’ recollection of the crime (United States v. Wade, supra).
With respect to the District Attorney’s contention that a victim would be compelled to testify twice (at the hearing and trial) and would be subjected to a traumatic experience by such an ordeal such contention falls, before the right of the defendant to question her regarding the totality of the facts and circumstances regarding the police station confrontation. This court is not unsympathetic to the feelings of a victim in a rape case who must .subject herself to cross-examination, but must balance the interests of the prosecution and the defense in view of the court’s determination of the procedure to be followed. To accede to the prosecution’s line of reasoning would perforce compel the court to accept the police officer’s version of the identification without permitting the defendant to check the police version against that of the victim.
Accordingly the motion for a voir dire examination, in the absence of the jury to explore the question of “in court ” and prior “ out of court ” identification is granted to the extent of permitting and allowing the same at such time during the trial that the issue of identification is raised.
*830 (Parenthetically — in the instant case, the court followed the above procedures, rendering its decision at the designated time, with opinion [supra] to follow. However, should this case reach appellate review or for future guidance to Trial Justices on this issue, it is humbly suggested, from personal experience and observation in the instant procedure, that upon proper cause being shown by the defendant, a pretrial hearing be conducted, inasmuch as the hearing could become long and protracted, while the trial is in suspension, with the jurors becoming inconvenienced, worn and impatient awaiting the resumption of the trial, and with further consideration of the added expense to the State.)