William Warden **DUNCAN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21709.

United States Court of Appeals
Ninth Circuit.

Feb. 6, 1968.

Rehearing Denied March 14, 1968.

Certiorari Denied May 27, 1968.
See 88 S.Ct. 1848.

John J. Flynn (argued), of Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, Ariz., for appellant.

Lawrence Turoff (argued), Edward E. Davis, U. S. Atty., Morton Sitver, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and BOLDT, District Judge.

HAMLIN, Circuit Judge.

William Warden Duncan, appellant herein, was charged jointly with one Judson Wesley Rainey in an indictment filed in the United States District Court for the District of Arizona with two counts of violating 18 U.S.C. § 2312, which section makes unlawful the receipt and concealment of a stolen motor vehicle moving in interstate commerce knowing the motor vehicle to have been stolen. The two counts read as follows:

### "COUNT I

"On or about the 11th day of September, 1965, WILLIAM WARDEN DUNCAN and JUDSON WESLEY RAINEY, in the State and District of Arizona, did receive and conceal a stolen motor vehicle, to-wit: a 1961 Chevrolet Impala which was moving as interstate commerce from Los Angeles, State of California, to Phoenix, State of Arizona, and they then knew the motor vehicle to have been stolen.

### "COUNT II

"On or about the 18th day of October, 1965, WILLIAM WARDEN DUNCAN and JUDSON WESLEY RAINEY, in the State and District of Arizona, did receive and conceal a stolen motor vehicle, to-wit: a 1964 Chevrolet Impala Supersport which was moving as interstate commerce from Huntington Park, State of California, to Phoenix, State of Arizona, and they then knew the motor vehicle to have been stolen."

Before trial appellant filed a motion for a bill of particulars. In response thereto, appellee furnished certain information to appellant, and the district court thereafter denied appellant's motion. Prior to trial the district court granted appellant's motion for a separate trial.

Appellant, after a jury trial, was found guilty on both counts. He filed a timely

appeal to this court which has jurisdiction under 28 U.S.C. § 1291.

Upon appeal appellant makes two contentions: (1) That the court erred in denying his motion for a bill of particulars, and (2) that the court erred in failing to strike the testimony of Beverly Harrell.

We affirm.

■ By the indictment and by the information given to counsel for appellant he was advised of the date of each of the offenses, the place where the two automobiles were received and concealed, the serial numbers of the automobiles alleged to have been received and concealed, and the name of the owners of the automobiles at the time they were stolen. The make, year, model and color of the two automobiles in question were also furnished to appellant. The government produced a witness at trial who testified that he had delivered both automobiles to appellant and this witness was thoroughly cross-examined by appellant. At the time the court denied the motion for a bill of particulars, appellant's counsel reserved the right to move at the time of trial for the continuance in the event he did not have sufficient information to proceed with his defense. No such motion was made by appellant at the time of trial. No evidence was offered by the defense. The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and enable him to prepare an adequate defense. Remmer v. United States, 205 F.2d 277 (9th Cir. 1953). The granting or denying of a bill of particulars is a matter within the discretion of the trial judge, and absent clear abuse of discretion will not constitute reversible error. Cook v. United States, 354 F.2d 529 (9th Cir. 1965). We find appellant was amply protected in this case and there was no abuse of discretion.

■ The witness Beverly Harrell testified to having seen in the possession of

appellant in the "early fall" of 1965, a white Chevrolet of the year 1960, 1961 or 1962. She further testified that she drove the car with permission of appellant and that it could be operated without a key.[1] We hold that the admission of this testimony was not error. Its weight was for the jury to determine.

Judgment affirmed.

---

1. The prosecution witness above referred to had also testified that the car delivered to appellant could be operated without a key.