**James Ernest LUCAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42121.**

Court of Criminal Appeals of Texas.

June 11, 1969.

Rehearing Denied Sept. 22, 1969.

Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault with a firearm; the punishment, 50 years.

In his sole ground of error appellant contends the trial court erred in failing to strike the testimony of the complaining witness, Charles T. Anderson, relating to his in-court identification of the appellant in view of a lineup conducted in the absence of counsel or the intelligent waiver thereof.

Appellant relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, since the lineup in question occurred on December 12, 1967, after the effective date (June 12, 1967) of such decisions. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199.

Anderson, Assistant Manager of Pedigo's Drive In Grocery in the City of Dallas, testified that while on duty and alone at approximately 10:40 p. m. on September 30, 1967, he was robbed at gunpoint of $576.00; that at the time he stood "face to face" with his assailant in the well lighted store prior

to being forced to a back room where he was struck on the head and rendered unconscious for 15 or 20 minutes.

Without objection Anderson on direct examination promptly and positively made an in-court identification of the appellant as the robber. No evidence as to a lineup was offered by the State to support or buttress his identification testimony.

On cross-examination Anderson described his assailant as over six feet tall, weighing more than 200 pounds and wearing a black western type hat, a dark colored coat, a dark blue shirt and no necktie. It was also established that this was substantially the same description he gave the Dallas police immediately after the robbery.

It was further shown on cross-examination that the police officers had visited with Anderson on several occasions after the robbery and discussed with him the details thereof. He related that sometime in November the officers brought pictures for him to examine and that he told them he "thought" one photo "looked like" the robber.

Appellant then elicited from the witness that in late November or early December he viewed a lineup at the Dallas police department of four or five men and picked appellant out of the lineup as the man who had robbed him at gunpoint.

After the State rested its case in chief the appellant called Dallas police detectives Adamcik and Boyd and elicited testimony in the jury's presence relating to their investigation of the case and the lineup in question. They corroborated the fact that Anderson had selected the appellant out of the lineup as the robber. Boyd also related that while the four men in the lineup were not "exactly the same size" they were "pretty near the same age." There was no testimony to establish whether appellant at the time had counsel or not or whether he had waived the same. Adamcik testified he had arrested the appellant at the courthouse on the day of the lineup while he was accompanied by his lawyer (Mrs. Melton). Adamcik did not inform Mrs. Melton of the proposed lineup and an objection was sustained to his testimony that he "was told she was."

Just prior to resting his case appellant moved to strike Anderson's in-court identification and such motion was overruled.

Only recently we had occasion to discuss post-Wade and Gilbert lineups in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. There we said:

"Wade and Gilbert, cited by appellant, were fashioned to deter law enforcement authorities from exhibiting an accused to witnesses prior to trial for identification purposes without notice to and in the absence of counsel absent an intelligent waiver by the accused.

"These cases clearly hold that a criminal suspect cannot be subjected to a pretrial identification process in the absence of counsel without violating the Sixth Amendment. If he is, the prosecution may not support or buttress a later in-court identification of the witness by any reference to the previous identification. Still further, the in-court identification is not admissible at all unless the prosecution can establish by clear and convincing proof that the testimony is not the fruit of the earlier identification made in the absence of the accused's counsel. See also Pearson v. United States, (5th Cir.) 389 F.2d 684.

"These cases do not mean that if a lineup, showup or pretrial identification process is properly conducted in presence of counsel or after an intelligent waiver thereof, such identification cannot be used as it has in the past. They do mean, however, that once the pretrial identification procedure is shown to be impermissible and improper it cannot be used in place of an in-court identification or to bolster the same and is excludable per se. Still further, they mean that any subsequent in-court identification, though not per se excludable, is not to be received into evidence without first determining

that it was not tainted by the illegal line-up or pretrial identification procedure but was of independent origin. Gilbert v. California, 388 U.S. at p. 272, 87 S.Ct. at p. 1956.

"In determining whether the in-court identification is of an independent origin or source, the Court in Wade said, 'We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L. Ed.2d 441, 455.

" ' "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

'Maguire, Evidence of Guilt, 221 (1959).' See also Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374, 386.

"The Supreme Court did suggest guiding criteria for the application of this test. For example: (1) prior opportunity of the witness to observe the alleged criminal act; (2) the existence of any discrepancy between any pre-lineup description and the actual appearance of the accused; (3) any identification prior to the lineup of another person; (4) the identification by picture prior to the lineup; (5) failure to identify the accused on a prior occasion; and (6) lapse of time between the act and the identification."

\*　　\*　　\*　　\*　　\*　　\*

"It is recommended that in future trials before a jury, once the in-court identification of the accused is sought to be introduced and the court is apprised that the identification is questioned on the basis of a prior police station or lineup identification, then upon motion of the defense counsel a hearing should be held outside the presence of the jury.

The issue of admissibility should be determined before such evidence is placed before the jury. Should the court, at such hearing, determine that such identification at the police station or elsewhere was violative of the Wade and Gilbert mandates or of due process,[2] then the

2. It should be borne in mind that even in *post* Wade and Gilbert cases, questions concerning the conduct of the lineup may be relevant in determining the origin of an in-court identification. Pearson v. United States (5th Cir.) 389 F.2d 684.

prosecution is precluded from offering any evidence of such identification before the jury.

"In such an eventuality the witness can still identify the accused in court as the perpetrator of the offense charged subject to, but not limited by, the test set forth in United States v. Wade, supra, when the court has found that the in-court identification is not tainted by the illegal lineup, etc. See People v. Smiley, supra [54 Misc.2d 826, 284 N.Y.S.2d 265]. See also People v. Ballott, supra [20 N.Y.2d 600, 286 N.Y.S.2d 1, 233 N.E.2d 103].

"For the purposes of appellate review, it would be better practice for the court to enter written findings or to state into the record following such hearing his reasons for admitting such evidence, if he does.

"In such hearings it must be remembered that the burden is upon the prosecution to establish by 'clear and convincing proof' that the testimony is not the fault of the earlier identification made in the absence of counsel or intelligent waiver of counsel."

The case at bar was tried prior to Martinez, and the State made no effort, if in fact appellant was without counsel and had not waived the same, to demonstrate that Anderson's in-court identification was of an independent origin and not tainted by an illegal lineup prior to offering

such testimony. The State did not, however, attempt to support or buttress such in-court identification by reference to the lineup.

The appellant did not object to such identification when offered, and as noted in Martinez it is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity. This was not done nor has appellant shown any reason for delaying his objection. Renfro v. State, 156 Tex.Cr.R. 400, 242 S.W.2d 772.

Nevertheless, appellant contends that since it was not established by the State that appellant had counsel at the lineup or had waived the same and the court made no finding that the in-court identification came from a source independent of and was not tainted by the police lineup identification, he is entitled to a reversal. We cannot agree.

While the appeal might be abated and the case returned to the trial court for a determination of this matter before this question is passed by this Court, we deem such procedure unnecessary in the instant case.

Considering the test and guiding criteria set forth in Wade and reiterated in Martinez we observe that the witness Anderson had adequate opportunity to observe his assailant during the alleged criminal act under excellent lighting conditions. Further, there is nothing to indicate any discrepancy between the pre-lineup description given the police and the actual appearance of the accused nor was there any identification of another person prior to the lineup or a failure to identify the accused on prior occasion. It is true that the witness viewed several pictures but nothing here indicates that in fact a picture of the appellant was shown to him, or that such procedure affected his identification of the appellant. The lapse of time between the act and the lineup identification is not sufficient here standing alone to render identification inadmissible and is only one factor to be considered.

Even assuming there was no counsel at the lineup nor any waiver thereof there is nothing to indicate that confrontation was suggestive. There is nothing to indicate the notion of a susceptible victim dutifully echoing a crystallized mistaken identification.

The record before us furnishes clear and convincing proof that the in-court identification was of an independent origin. Returning the case to the trial court to determine if counsel was present at the lineup or had been waived would be a useless thing. This is so because we are able to declare our belief, on the record before us, that the error, if any, was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, 711; Gilbert v. California, supra.

We adhere, however, to our holding in Martinez and trial courts are urged to follow the suggested procedure. The inquiry as to the status of the in-court identification is most properly made in the trial court.

Finding no reversible error, the judgment is affirmed.