**UNITED STATES of America,
Appellee,**

v.

**Willie CANTY, Jr., Appellant.**

**No. 13793.**

United States Court of Appeals,
Fourth Circuit.

Argued July 21, 1970.

Decided Aug. 3, 1970.

Sixth Amendment right to counsel was violated by permitting witnesses to the robbery to view a series of photographs, including one of himself, without an attorney's having been present during the photographic confrontation. At the time of the viewing and the resulting identification of Canty as a participant, he was not under arrest for the robbery, though he was confined in another jurisdiction in connection with an unrelated offense. We find no error in the procedure followed. United States v. Marson, 4 Cir., 408 F.2d 644; United States v. Collins, 4 Cir., 416 F.2d 696.

The remaining assignments of error are without merit.

Affirmed.

WINTER, Circuit Judge (specially concurring):

While I concur in the judgment and opinion of the Court, I add a statement of my own lest I be understood to have abandoned the views I expressed in dissent in *Marson* and *Collins*.*

At the time that photographs were shown the witnesses, I would infer that the authorities exhibiting the photographs knew that the defendant was in custody in the District of Columbia on an unrelated charge, because they arranged to obtain the photographs from the District of Columbia authorities. But the defendant was not under arrest for this robbery and, as found by the district judge, he had not become particularly suspect of this crime. In my view, the obligation to provide him with counsel (or to obtain a valid waiver of the right to counsel) before exhibiting his photograph for this charge had not yet attached.

John D. Hackett, Baltimore, Md., (Court-appointed) for appellant.

Charles G. Bernstein, Asst. U. S. Atty., (Stephen H. Sachs, U. S. Atty., and Alan B. Lipson, Asst. U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

On appeal from his conviction for bank robbery, Canty contends that his

* The decision in United States v. Zeiler, 427 F.2d 1305 (3 Cir. 1970), is additional support for my position. In addition to the majority's view in Marson and Collins, United States v. Bennett, 409 F.2d 888 (2 Cir. 1969); United States v. Baker, 419 F.2d 83 (2 Cir. 1969);

United States v. Ballard, 423 F.2d 127 (5 Cir. 1970); McGee v. United States, 402 F.2d 434 (10 Cir. 1968), cert. den., 394 U.S. 908, 89 S.Ct. 1020, 22 L.Ed.2d 220 (1969); and Rech v. United States, 410 F.2d 1131 (10 Cir. 1969), are to the contrary.