**UNITED STATES of America, Appellee,**

v.

**Robert Edward GOETLUCK, Appellant.**

**No. 25955.**

United States Court of Appeals, Ninth Circuit.

Nov. 3, 1970.

Roger Newlander (argued), Santa Clara, Cal., for appellant.

George Rayborn (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Division, John S. Lane, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was convicted in a jury trial of the crime of bank robbery.[1] He presents for decision a number of issues, most of which were not raised in the district court. A few of his contentions deserve consideration, the majority do not.

Appellant, on the afternoon of September 4, 1968, entered the Security Pacific National Bank in Los Angeles and robbed the bank of the sum of $1,032.00. He made no attempt to disguise himself. The employees of the institution furnished authorities with a description of the appellant, as well as that of the automobile he used in the "get-away". The following afternoon, appellant was arrested by an agent of the Federal Bureau of Investigation, who, armed with the information furnished by the witnesses to the robbery, recognized both the appel-

[1]. 18 U.S.C. § 2113(a).

lant and his automobile. Removed from the person of the appellant at the time of his arrest was $34.00 in currency which had been marked by the bank as "bait money".

(1) Appellant says he was denied the right to counsel. The record proves otherwise.

(2) He says there was bias, prejudice, or "conspiracy" on the part of the trial judge. There is nothing in the record to support this charge.

(3) He says he should have been permitted to inspect the minutes of the grand jury. He did not testify before that body. Accordingly, he was not entitled to the minutes under Rule 16(a), FRCrimP. Furthermore, there is no showing that the minutes of the grand jury were available. Appellee says no minutes were kept.

(4) He claims the court erred in denying his motion for a bill of particulars. This was a matter within the sound discretion of the court. Duncan v. United States, 392 F.2d 539 (9th Cir. 1968), cert. denied 391 U.S. 935, 88 S.Ct. 1848, 20 L.Ed.2d 855. We find no abuse of that discretion.

(5) The indictment is in the language of the statute. There is nothing indefinite or vague in the statutory language. Accordingly, the language used is sufficient. Pitman v. United States, 380 F.2d 368 (9th Cir. 1967); Hopkins v. United States, 405 F.2d 770 (9th Cir. 1969); Robison v. United States, 329 F.2d 156 (9th Cir. 1964), cert. denied 379 U.S. 859, 85 S.Ct. 115, 13 L.Ed.2d 61; Brown v. United States, 222 F.2d 293 (9th Cir. 1955). The intent to commit the crime is implicit in the statutory description. United States v. DeLeo, 422 F.2d 487 (1st Cir. 1970).

(6) He challenges the validity of his arrest and the search which followed. Beyond question, the officer had probable cause for the arrest. The search which produced the marked money was an incident to a lawful arrest.

(7) Appellant's constitutional rights were not violated by the absence of counsel at the pre-trial photographic identification. Allen v. Rhay, 431 F.2d 1160 (9th Cir., Sept. 11, 1970). His contention that the identification was suggestive is not supported by the record.

We have considered appellant's other contentions, but do not believe they warrant discussion.

Affirmed.