James Ernest **LUCAS**, Petitioner-Appellant,

v.

The **STATE OF TEXAS**, Respondent-Appellee.

No. 71–1051.

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1971.

Rehearing Denied Dec. 28, 1971.

Godbold, Circuit Judge, dissented and filed opinion.

---

1. Jacobsen v. United States, 8 Cir., 260 F.2d 122, 123; United States v. Ellis, 4 Cir., 413 F. 2d 994, 995.

Sal. Levatino, Austin, Tex., (Court-appointed) for petitioner-appellant.

Glenn R. Brown, Dunklin A. Sullivan, Asst. Attys. Gen., Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from the denial by the District Court of habeas corpus relief to a state prisoner without an evidentiary hearing.

Petitioner was convicted in a Texas state court of robbery by assault with a firearm and sentenced to 50 years. The conviction was affirmed on direct appeal. Lucas v. State, 444 S.W.2d 638 (Tex.Cr.App.1969). No application for collateral relief was filed in state court. In addition to other matters raised by petitioner and not presented by him on appeal, the District Court considered the issue whether the in-court identification of appellant by the robbery victim was of independent origin, untainted by an alleged illegal lineup. The lineup in which appellant was identified was conducted six months after United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), holding a lineup to be a critical stage in a criminal proceeding thus warranting the assistance of counsel. The federal habeas court concluded that state remedies had been exhausted. The court reasoned that the facts had been fully developed at the criminal trial and, on appeal, the *Wade-Gilbert* issue had been asserted in the Texas Court of Criminal Appeals wherein it was concluded that the in-court identification was of independent origin and that, if there was error in the prosecuting witness identifying the defendant at a lineup, it was error harmless beyond a reasonable doubt. The federal habeas court, on the state court record and without an evidentiary hearing, thereupon concluded that the determination by the Texas Court of Criminal Appeals was correct.

The inquiry on independent origin is most appropriately made in the trial court, Wade, supra, 388 U.S. at 242, 87 S.Ct. 1926. The definitive opinion in Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969), recommends that once the in-court identification of the accused is sought to be introduced and the court is apprised that the identification is questioned on the basis of a lineup, upon motion of the defendant a hearing should be conducted outside the presence of the jury. *Martinez* points out that the burden is upon the prosecution to establish by "clear and convincing proof" that the testimony is not tainted by an earlier identification made in the absence of counsel or intelligent waiver of counsel, and it suggests that if the trial judge admits the identification evidence, he enter written findings or state into the record his reasons.

Lucas was tried prior to *Martinez*. The state made no effort, prior to offer-

ing the in-court identification, to show that it was of independent origin and not tainted. Indeed, there was no mention of a lineup. The witness was the robbery victim who had a pistol placed in his stomach, according to him, by the petitioner. However, defense counsel addressed the question of the lineup by cross examining the victim and by calling as witnesses police officers having knowledge of the investigation and the lineup. Once the facts of the lineup were developed, the defense moved that the testimony of the victim identifying petitioner be stricken because the lineup had been conducted in violation of *Wade* and *Gilbert.* The motion was overruled. The court gave no reason for its ruling.

We note parenthetically that there had been no showing that petitioner did or did not have counsel at the lineup or, if not, whether he waived counsel. However, we can assume arguendo that there was a violation of the *Wade-Gilbert* right to counsel and proceed to dispose of the case on another ground.

■■ Unlike the situation in *Wade* and *Gilbert*, a full record is available in this case for determining whether the in-court identification was of an independent origin.[1] We are convinced from a review of the record that there is ample support for the following conclusions of the Texas Court of Criminal Appeals on the direct appeal of petitioner's case, Lucas v. State, supra, 444 S.W.2d at 641:

"Considering the test and guiding criteria set forth in Wade and reiterated in Martinez we observe that the witness Anderson had adequate opportunity to observe his assailant during the alleged criminal act under excellent lighting conditions. Further, there is nothing to indicate any discrepancy between the prelineup de-

scription given the police and the actual appearance of the accused nor was there any identification of another person prior to the lineup or a failure to identify the accused on prior occasion. It is true that the witness viewed several pictures but nothing here indicates that in fact a picture of the appellant was shown to him, or that such procedure affected his identification of the appellant. The lapse of time between the act and the lineup identification is not sufficient here standing alone to render identification inadmissible and is only one factor to be considered.

"Even assuming there was no counsel at the lineup nor any waiver thereof there is nothing to indicate that confrontation was suggestive. There is nothing to indicate the notion of a susceptible victim dutifully echoing a crystallized mistaken identification."

The district court adopted these conclusions as its view and denied relief. We affirm.

Ordinarily, it is constitutional error to admit in-court identification in circumstances such as those before us without first determining that the identification was not tainted by the illegal lineup.[2] That error, however, can be found harmless where the record permits an informed judgment as to the source of the in-court identification. Gilbert v. California stated this proposition conversely when the court remanded because the record did not permit the informed judgment as to independent source. 388 U.S. at 272, 87 S.Ct. 1951. In Rivers v. United States, 5 Cir., 1968, 400 F.2d 935, 941, this circuit made the test for harmless error two-pronged. The trier must find that the identification was of independent and untainted origin, and further, that the error was harmless be-

1. The Wade decision points to the relevant factors to be considered. 388 U.S. at 241, 87 S.Ct. 1926. Those factors include the prior opportunity for the witness to observe the defendant, discrepancy between two or more identifications of the defendant by the same witness, inability

to identify the defendant at other times, and the passage of time as well as pertinent facts concerning the conduct of the lineup.

2. United States v. Wade, supra, and *Martinez,* supra.

yond a reasonable doubt. We find complete and undisputed facts in the record that clearly and convincingly prove the independent origin of the in-court identification. We believe that any error committed was harmless beyond a reasonable doubt. This meets the test of *Rivers*. It was not error to deny relief on the record and without an evidentiary hearing.

Affirmed.

GODBOLD, Circuit Judge (dissenting):

I dissent. In this case of constitutional dimension all turns on the facts. No fact-finding court has yet found the facts. Nevertheless this court concludes that it really doesn't make any difference.

The case is an anomaly, since it was tried after *Wade* and *Gilbert* but before Texas established in *Martinez* a recommended procedure for orderly presentation of evidence when an in-court identification is questioned on the basis of an allegedly improper lineup. The defense made no objection to the identification when made but instead pursued what, in the state of the law at that time, was a reasonable approach. Defense counsel cross-examined the victim, then called as witnesses officers who had knowledge of the investigation and the lineup. Once the facts were developed, the defense moved that the in-court identification be stricken because the lineup failed to comply with *Wade* and *Gilbert*. The court denied the motion without stating reasons.

No one knows why the motion to strike was denied. It may have been for the reason adverted to in the opinion of the Texas Court of Criminal Appeals, Lucas v. State, 444 S.W.2d 638, 641 (Tex.Cr.App.1969), that the defendant had failed to timely object to the identification when offered and had failed to show reasons for delaying his objection.

If this was the ground it was an erroneous one. *See* Rivers v. United States, 400 F.2d 935 (5th Cir. 1968), holding an in-court identification issue to be plain error though not raised at all in the trial court. In the instant case the issue was presented to the trial court and at a time when the facts had been made known.

It may have been that the trial judge, without the guidance later to come from *Martinez*, and particularly because of the sequence in which the evidence was developed, considered that the burden was on the defendant to establish that the counsel-less lineup[1] tainted the in-court identification, rather than on the state to show that the in-court identification was free of taint. Or, if he considered the burden was on the state, he may not have applied the quantum of "clear and convincing proof."

The Texas Court of Criminal Appeals sought to resolve the problem by reviewing the trial record and concluding that the in-court identification was of independent origin. The habeas court, without hearing, concluded that the Court of Criminal Appeals was correct and denied the writ. Now, in this court, my brothers affirm on the basis that they find sufficient evidentiary support for the Court of Criminal Appeals decision, and, by independent examination of the trial record, they find clear and convincing evidence that the in-court identification was of independent origin and that any error was harmless.

The record discloses why the appellant is entitled to have findings of fact made by a fact-finding court, rather than a series of reviews by reviewing courts, none of which knows why the in-court identification was admitted into evidence over defendant's objection. The robbery was a brief encounter. There was one witness, the victim. The Court of Criminal Appeals correctly stated that the victim said he stood "face-to-

---

1. For purposes of analysis I assume, as do the majority, that the defendant did not have counsel at the lineup.

face" with the robber. But the victim also testified twice—and we think some fact-finding court must consider—that the robber was "sideways" to him. The opportunity to observe was momentary. The victim testified that the robber presented a gun and demanded money, then in one movement turned him around and removed money from his back pocket, after which he was taken to the back of the store and struck over the head. The victim gave a description to police immediately after the robbery (after regaining consciousness and before being taken to the hospital with a head injury), which was consistent with the description given at trial. But the defendant is entitled to have the consideration of a fact finder addressed to the testimony of the witness that when he gave the description, "I didn't fully have my senses," that "I couldn't be too sure [of the description]," and that "I was kindly, pretty well addled." Detective Boyd testified, as the Court of Criminal Appeals noted, that while the four men in the lineup were not "exactly the same size" they were "pretty near the same age." But some fact finder should consider also the equivocal testimony of the victim himself on this issue. The victim said that no one in the group came close to Lucas's size, that one was a lot smaller than Lucas and one pretty close to Lucas's size, that one was almost Lucas's size and one not quite that heavy, and then concluded by describing them as of various sizes and weights.

These matters might be viewed as factual nit-picking in some other context. They are of substantial proportion where no court has found the facts, where it is possible that the trial court denied the motion to strike on grounds which if revealed would have been erroneous, and where a 50-year prison sentence teeters on the single fulcrum of an in-court identification by one witness, following a counsel-less lineup, the suggestiveness of which is in dispute. No factor demonstrates more clearly the need for proper fact finding at the proper level than that three appellate judges are unable to agree on whether the cold record shows in-court identification supported by clear and convincing evidence and error harmless beyond reasonable doubt.

For these reasons I dissent.