UNITED STATES of America,
Appellee,

v.

Kenzell R. EVANS, Appellant.

UNITED STATES of America,
Appellee,

v.

Melvin Eugene JENKINS, Appellant.

Nos. 71-2009, 71-2010.

United States Court of Appeals,
Fourth Circuit.

Argued April 12, 1972.

Decided May 1, 1972.

H. Russell Smouse, Baltimore, Md. (Court-appointed), for appellant Kenzell R. Evans.

Harold Buchman, Baltimore, Md. (Court-appointed), for appellant Melvin Eugene Jenkins.

Charles G. Bernstein, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge, and WINTER, Circuit Judge.

HAYNSWORTH, Chief Judge:

We adhere to our view that one held in custody on an unrelated charge has no right to counsel at the time of his photographic identification as a participant in another crime. United States v. Canty, 430 F.2d 1332 (4th Cir. 1970); United States v. Collins, 416 F.2d 696 (4th Cir. 1969); United States v. Marson, 408 F.2d 644 (4th Cir. 1968). Finding that there were no other facts which would invalidate the identification of Evans and no other error affecting either defendant, we affirm.

Affirmed.

WINTER, Circuit Judge (dissenting):

I agree that there is no merit in the appeal save the issue of identification by the use of photographs. As to it, I adhere to the views I have expressed in dissent in United States v. Collins, 416 F.2d 696 (4 Cir. 1969), and United States v. Marson, 408 F.2d 644 (4 Cir. 1968), and I would reverse. See also, United States v. Ash, 461 F.2d 92 (D.C. Cir. 1972); contra United States ex rel. Reed v. Anderson, 461 F.2d 739 (3 Cir. 1972) (overruling United States v. Zeiler, 427 F.2d 1305 (3 Cir. 1970).

Factually, this case is unlike United States v. Canty, 430 F.2d 1332 (4 Cir. 1970). Here defendant, although in custody on another charge, was suspected of having committed the crime for which he was prosecuted and convicted. A police officer had questioned him about it; and, as a result of questioning and an identification furnished by the victim, the police officer took defendant's picture and exhibited it to the identifying witness. I think that defendant's right to counsel had attached.