**George POWELL, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 72–1128
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 30, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

George Powell, pro se.

Robert L. Shevin, Atty. Gen., State of Florida, A. S. Johnston, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to George Powell, a prisoner of the State of Florida. We affirm.

Powell attacks the constitutionality of his conviction and life sentence for rape, which resulted from his trial by jury in the Circuit Court of Duval County, Florida. The judgment was affirmed on appeal, *sub nom.* James v. State, Fla. App.1969, 224 So.2d 730. He contends that (1) his trial counsel was ineffective; (2) he was denied an adequate direct appeal; (3) he was denied his right to counsel at the pre-trial photographic identification by the prosecutrix; (4) the photographic identification without his counsel being present tainted the prosecutrix's in-court identification of him; and (5) that he was unconstitutionally denied trial counsel separate from his co-defendants.

The state trial court conducted an extensive evidentiary hearing on the merits of appellant's contentions, following which it denied relief. This judgment was affirmed on appeal. Powell v. State, Fla.App.1971, 244 So.2d 746.

■■ In his habeas petition filed below, Powell cited Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968), and made certain factual allegations concerning the photographic identification. However, as a matter of law, the facts which Powell alleged would not constitute grounds for relief under *Simmons*. Assuming all his factual assertions to be true, and construing them as broadly as possible in his favor, we hold that they afford no indication whatever that the identification was in any way "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Indeed, even had the pre-trial identification been in some fashion impermissibly suggestive, we would nevertheless find Powell's contention to be without merit. Examination of the trial testimony of the rape victim demonstrates unequivocally that her in-court identification of Powell was based upon her observations of him at the scene of the crime. During the crime she had ample opportunity to see Powell in good lighting several times over a two-hour period. Her categorical and unshakable identification of him at trial was made completely independent of and untainted by the pre-trial photographic identification. If there was any error in that procedure, it was harmless beyond a reasonable doubt. Perry v. State, 456 F.2d 879 (5th Cir. 1972) [No. 71–3164, March 23, 1972]; Lucas v. State of Texas, 451 F.2d 390 (5th Cir.

1971); Ward v. Wainwright, 450 F.2d 409 (5th Cir. 1971); Rivers v. United States, 400 F.2d 935 (5th Cir. 1968).

▆ The appellant contends that absence of his counsel from the pre-trial photographic identification constituted a denial of his Sixth Amendment right to counsel. This court has specifically considered and rejected this contention.[1] United States v. Ballard, 423 F.2d 127 (5th Cir. 1970); *accord,* United States ex rel. Reed v. Anderson, 461 F.2d 739 (3rd Cir. 1972); United States v. Roustio, 435 F.2d 923 (9th Cir. 1970); Allen v. Rhay, 431 F.2d 1160 (9th Cir. 1970); United States v. Roth, 430 F.2d 1137 (2nd Cir. 1970); *cf.* United States v. Canty, 430 F.2d 1332 (4th Cir. 1970).

▆ The allegations of denial of full direct appeal rights and of ineffective assistance of counsel at trial were based in part on counsel's failure to develop and urge the photographic identification point. However, since no error resulted from the absence of counsel at, or from any other aspects of, the photographic identification, we conclude that the Sixth Amendment contentions concerning counsel's failure to raise these points are *a fortiori* without merit. In addition, the appellant contends that his counsel at the trial level was ineffective for failure to subpoena certain alibi witnesses. At the evidentiary hearing in the state trial court on Powell's motion to vacate the judgment,[2] this point was developed through testimony of several witnesses, including Powell himself and the attorney who represented him at the trial. The state trial court resolved the necessary credibility choices adversely to Powell's evidence and contentions, and concluded that counsel had "exercised every effort and means available to him to obtain alibi witnesses for the said defendant . . . . "

The United States District Court adopted the state courts' holdings that Powell was not denied effective assistance of counsel. Having perused the trial transcript, the transcript of the state evidentiary hearing, and the rest of the record, we find no error in this ruling. *See* Fed.R.Civ.P. 52(a).

▆ Finally, Powell claims entitlement to federal habeas relief on grounds that he was denied trial counsel separate from his co-defendants. He asserts that his counsel was overly extensive in his cooperation with counsel for one co-defendant, who allegedly acted as lead counsel for the defense at the trial. Following the Rule 1.850 hearing the judge, who also had presided at the trial, held that Powell's counsel "during the trial took an active and aggressive part in the defense. There is no evidence that he represented the interests of [the] co-defendant . . . . " The court below adopted this finding, as is authorized by the provisions of 28 U.S. C. § 2254(d). Our examination of the entire record leaves us with no doubt that this ruling is correct.

The district court's denial of habeas corpus relief to appellant George Powell is hereby

Affirmed.

---

1. We do not read our recent decisions in Bueno v. Beto, 458 F.2d 457 (5th Cir. 1972) [No. 71–1806, April 4, 1972] and United States v. Gill, 455 F.2d 1094 (5th Cir. 1972) [No. 71–1784, February 28, 1972] as altering our holding in *Ballard, supra.*

2. Formerly Rule One and Rule 1.850, now Rule 3.850 of the Florida Rules of Criminal Procedure, 33 F.S.A.