**Don Adell KALMBACH, Petitioner-Appellant,**

v.

**Clarence JONES, Sheriff, Dallas County, Texas, Respondent-Appellee.**

No. 73-2715

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1973.

Rehearing Denied Jan. 16, 1974.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Kerry P. Fitzgerald, Dallas, Tex., for petitioner-appellant.

John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a writ of habeas corpus sought by appellant Kalmbach as a result of a robbery conviction. Kalmbach's sole contention is that the victim's in-court identification was the product of unduly suggestive and fundamentally unfair pre-trial photographic identification, and this being critical to the prosecution's case,

---

the state conviction is inform.[1] We affirm.

The sole identification witness was Mrs. Selma Bland, the owner and operator of the Valhalla Motel at the time of the robbery. On two separate occasions, one two weeks after the robbery, the other, just prior to trial, she was able to identify Kalmbach from two photographs shown to her. Moreover, when shown the photographs of additional suspects on several occasions, she did not mistakenly identify any one of them as those of the perpetrators. Thus, even if an error existed in the photographic identification under Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968), it was harmless. See Powell v. Wainwright, 460 F.2d 1056 (5th Cir. 1972).

Affirmed.

---

1. The issue raised herein was thoroughly considered by the Texas Court of Criminal Appeals and decided adversely to Kalmbach. See Kalmbach v. State, 481 S.W.2d 151 (Ct. of Cr.App.1972).

We commend appellant's counsel for the excellent brief filed on Kalmbach's behalf. We note with regret, however, that the As-

sistant District Attorney, Dallas County, Texas, failed to appropriately respond to requests by the Court Clerk to file briefs on appeal.